**Rita KRONI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–4250–ag.**

United States Court of Appeals, Second Circuit.

May 3, 2006.

Parker Waggaman, New York, New York, for Petitioner.

William Leone, United States Attorney, Amanda Rocque, Assistant United States Attorney, District of Colorado, Denver, Colorado, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Rita Kroni petitions for review of the BIA's July 2004 decision in which the BIA affirmed the immigration judge's ("IJ") order denying Kroni's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Kroni argues to this Court that the IJ's credibility determination was vague. We agree, but the IJ's decision did not rest on credibility. Indeed, he expressly avoided making a credibility determination because he concluded that Kroni had failed to establish a nexus between the harm she allegedly suffered and a protected ground. On this point, Kroni argues that the IJ mistakenly identified the basis of her persecution and that, instead of being persecution on the basis of her political opinion, she was persecuted on the basis of her being a member of a social group who refuse orders from the police, *i.e.,* her employers. However, Kroni did not raise these issues before the BIA. Kroni asserted in her brief to the BIA that the IJ erred in finding no connection between her

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

"troubles and her democratic political affiliation or her status as a young, independent woman," but before this Court, she identifies a wholly new category of social group—those who refuse orders from the police. This Court lacks jurisdiction to review this argument because it has not been exhausted before the agency. 8 U.S.C. § 1252(d)(1); *see Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).